FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 06 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.

NAZRUL I. TAHER, on behalf of himself individually
and all others similarly situated

                          Plaintiff,

-against-                            **CLASS ACTION COMPLAINT**

RICHARD D. SYMANSKY, P.C.           **CV - 08 - 4497**

                        Defendants.     **MATSUMOTO, J.**
------------------------------------------------------------------X

      Plaintiff, by and through his attorneys, FAGENSON & PUGLISI, upon knowledge as to himself and his own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## PARTIES

2.     Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a professional corporation with its principal place of business in New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. §1692k(d) (FDCPA) and 28 U.S.C. §1331.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That on or about November 9, 2007 defendant sent a collection letter to the plaintiff in an attempt to collect an alleged debt incurred for personal purposes to Hudson Valley Federal Credit Union. Plaintiff received said letter. A copy of said letter is attached as Exhibit "1".

7. That said letter states in pertinent part:

"Principal Balance:   $9,136.10 plus interest from 10/24/06."

That this statement violates the FDCPA, including but not limited to §§1692g(a)(1) and 1692e(10), in that the former provision provides specifically that the statement to the consumer must state the amount of the debt. The statement, as in the instant case, of a dollar amount, plus interest, violates the FDCPA by not stating the full amount of the debt, as the consumer has the right to know what the dollar amount of the interest is also.

8. That said language constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10) in that the language could reasonably lead the least sophisticated consumer to be unsure of the true amount of the debt being demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

9. Plaintiff re-alleges paragraphs 1-8 as if fully re-stated herein.

10. That said letter further states:

"At this point, we have no choice but to commence a lawsuit against you unless payment is received at this office immediately."

That said letter violates the FDCPA, including but not limited to §§1692g(a)(3), (4),(5) and 1692e(10) by improperly demanding immediate payment of the alleged debt. The immediate payment demand overshadows and contradicts plaintiff's rights during the thirty day validation period.

## AS AND FOR A THIRD CAUSE OF ACTION

11. Plaintiff re-alleges paragraphs 1-10 as if fully re-stated herein.

12. That said letter also states:

"Unless you notify us in writing within 30 days after receiving this notice that you dispute the validity of any portion of this debt, we will assume it to be valid."

That said statement violates §1692g(3) of the FDCPA by requiring the notification of a dispute to be in writing. Said statement also violates §1692g(3) by not stating that the entire debt may be disputed, not only a portion of it. The remainder of the purported validation notice contained in the letter is confusing and does not adequately state the plaintiff's rights under §§1692g(4) and (5) of the FDCPA.

13. That said language in the purported validation notice constitutes a false representation or a deceptive means to collect or attempt to collect a debt in violation of §1692e(10).

## AS AND FOR A FOURTH CAUSE OF ACTION

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. That, upon information and belief, defendant was not licensed as a debt collector by the New York City Department of Consumer Affairs when it sent said the collection letter to plaintiff in Kings County, New York City, and is still not so licensed, and defendant was therefore attempting to collect a debt in violation of New York City Administrative Code § 20-490. That such conduct on the part of defendant is unlawful and deceptive.

16. That defendant's said attempts to collect a debt are in violation of the FDCPA, including but not limited to §§1692e(5) and 1692e(10) and 1692f.

## CLASS ALLEGATIONS

17. That plaintiff re-alleges paragraphs 1-16 as if fully re-stated herein.

18. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's records reflect resided in the United States and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about November 9, 2007; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt due to Hudson Valley Federal Credit Union; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692g(a)(1), 1692g(a)(3), 1692g(4), 1692g(5), 1692e(5), 1692e(10) and 1692f.

19. That a sub-class exists for all those consumers residing in New York City to whom the collection letter was sent.

20. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether defendant violated the FDCPA by sending collection letters with an improper statement of the debt and improper validation notice, in violation of 15 U.S.C. §§1692g and 1692e(10) and whether defendant violated the FDCPA by unlawfully attempting to collect debts in New York City without a debt collection license from the New York City Department of Consumer Affairs, in violation of 15 U.S.C. §§1692e(5), 1692e(10) and 1692f.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

21. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22. That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

25. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

(a) failing to state the amount of the debt, in violation of the FDCPA, including but not limited to §1692g(a)(1) and 1692e(10);

(b) failing to include the statements required by §§1692g(a)(3), (4) and (5), and in violation of §1692e(10); and

(c) unlawfully attempting to collect debts in New York City without a debt collection license from the New York City Department of Consumer Affairs, in violation of §§1692e(5), 1692e(10) and 1692f.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. §1692k; and

(d) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY
Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
October 30, 2008.

_____
NOVLETTE R. KIDD, ESQ.
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Telephone: (212)268-2128
fnplaw@aol.com

**EXHIBIT "1"**

**RICHARD D. SYMANSKY, P.C.**
ATTORNEY AT LAW
1759 UNION STREET, SUITE 101 • NISKAYUNA, NEW YORK 12309 • PHONE (518) 372-4275

November 9, 2007

Nazrul I. Taher
864 42nd Street Apt.10
Brooklyn, NY 11232

RE: Hudson Valley Federal Credit Union
VISA Gold Credit Card Account dated 8/08/05
Principal Balance: $9,136.10 plus interest from 10/24/06
Our File No.: 500243L

We have been retained by our client to collect your account. On behalf of our client, demand is here by made for payment of the full amount shown above. We presume that you have not paid this amount due to an oversight or some other problem. At this point, we have no choice but to commence a lawsuit against you unless payment is received at this office immediately. This will increase the amount you owe and will seriously damage your credit rating. If you agreed to pay attorneys fees, pursuant to the terms of the above obligation, the amount claimed for attorneys fees will be added to the amount you owe, in an amount to be approved by the Court.

Federal Law requires that we provide you with the following disclosures: This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us in writing within 30 days after receiving this notice that you dispute the validity of any portion of this debt, we will assume it to be valid. If you do notify us, as required, we will obtain verification of the debt, and mail this to you. If requested in writing within 30 days, we will furnish you with the name and address of the original creditor, if different from the current creditor.

We are not required, nor will we, delay efforts to obtain payment of the amount due although you will have the right to request information concerning this account within the next 30 days.

Very truly yours,

RICHARD D. SYMANSKY, P.C.

BY: Richard D. Symansky